IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 23, 2008

Charles R. Fulbruge III
Clerk

————————————

No. 08-30028
Summary Calendar

————————————

LORI BRUNO-PONTHIER

Plaintiff-Appellant

v.

UNITED PARCEL SERVICE

Defendant-Appellee

———————————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
(3:06-CV-31)

———————————————————————

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Lori Bruno-Ponthier asks us to reverse the district court's summary-judgment dismissal of her sexual harassment and retaliation claims filed under Title VII of the Civil Rights Act ("Title VII") against her former employer, Defendant-Appellee United Parcel Service ("UPS"). Bruno-Ponthier further contends that the district court erred in declining to exercise supplemental jurisdiction over her state law-based

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sexual harassment and retaliation claims.

We have reviewed the record on appeal and the law applicable thereto as set forth in the appellate briefs of the parties and the rulings of the district court. As a result of our review, we are convinced that the district court properly granted UPS's motion for summary judgment on Bruno-Ponthier's Title VII claims. First, Bruno-Ponthier's sexual harassment claim fails because she has not shown that there is a genuine issue of material fact as to whether the reported conduct at UPS was sufficiently "severe or pervasive" to reach the level of actionable sexual harassment.[1] Second, Bruno-Ponthier's retaliation claim fails because, inter alia, no causal connection was demonstrated between Bruno-Ponthier's discharge and her allegations of sexual harassment. Indeed, the supervisor who terminated Bruno-Ponthier's employment had no knowledge of her sexual harassment complaints. Bruno-Ponthier was fired because of her history of absenteeism and the fact that she had left her job without excuse during the middle of a shift. She has failed to show any signs of pretext in the asserted reasons for her firing.

We are also convinced that the district court did not err in declining to

---

[1] Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986) ("For sexual harassment to be actionable, it must be sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment.") (internal quotations omitted).

exercise jurisdiction over Bruno-Ponthier's state law claims.  Under 28 U.S.C. § 1367, "[t]he district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."[2]  The district court clearly had the discretion to decline to exercise supplemental jurisdiction over Bruno-Ponthier's state law claims because it dismissed all federal claims over which it had original jurisdiction, viz., her Title VII claims.

The judgment of the district court is, in all respects, AFFIRMED.

---

[2] Emphasis added.